URIEL A. MURDOCK, APPELLANT, *v.* THE PROSPECT PARK AND CONEY ISLAND RAILROAD COMPANY, RESPONDENT.

*Injunction — use of highway by railroad company — consent of owner thereto — effect of.*

In an action for an injunction, to prevent a railroad corporation from running its cars over a portion of a highway in front of plaintiff's land, the fee of which, subject to the public use, was in plaintiff, who had never received compensation for the use of said highway by the company, it appeared that the company was induced to construct its railroad upon said avenue by the express consent and license of the plaintiff. *Held,* that plaintiff was not entitled to an injunction.

APPEAL from a judgment in favor of the defendant entered at the Kings County Special Term, brought by an owner of land on Gravesend avenue, in Brooklyn, to enjoin and restrain the defendant from going with its railway through, over or across any portion of the said owner's land, and for damages for acts in this regard already committed by defendant. The justice before whom the action was tried found, among others, the following facts :

That the defendant was a corporation duly organized and existing according to law; that the plaintiff was the owner of the lands and real estate described in the complaint, and that the defendant has not made any compensation to the plaintiff for any portion of said land; that, under and in pursuance of chapter 670 of the Laws of 1869, and the acts amendatory thereof, and of chapter 531, Laws of 1873, and the acts amendatory thereof, an avenue known and called Gravesend avenue was opened, laid out and graded and regulated from Tenth avenue and Twentieth street, in the city of Brooklyn, to avenue X in the town of Gravesend, and was and had been since on or about June 1, 1875, an existing public highway of the towns of Flatbush, New Utrecht and Gravesend; that said avenue constituted a part of the route of the defendant's railroad, and the defendant's road was built upon, and operated on and over said highway in said towns to avenue X, and the defendant was authorized by law to construct and operate its railroad with steam power over and upon said avenue, and that said avenue ran through the property of said plaintiff, described in the complaint; that commissioners were duly appointed pursuant to law and the statutes above referred to, to open, lay out, grade and regulate said Gravesend avenue, and that said commissioners did proceed to lay out, open, regulate and grade said avenue, and to make awards to owners of lands taken for such avenue, and awards for all damages sustained by the owners by reason of the taking of said lands for said avenue; that the said commissioners did make an award to the plaintiff for such land so taken from him, and for his damages by reason of such taking, which award had been confirmed by this court, and the plaintiff had received the same; that the defendant entered upon the lands in said avenue with the express permission and consent and under a license from the plaintiff; that, induced by the express consent and license of the plaintiff, the defendant did construct its railroad in and upon said avenue, and had expended large sums of money in said construction. (The plaintiff in his evidence stated that he had never consented to the use of the road by the defendant.) As conclusions of law upon the foregoing facts, the justice decided: 1. That the plaintiff's complaint be dismissed. 2. That the defendant recover of and from the plaintiff its cost of this action, including extra allowance of $100.

*Chittenden & Fiero*, for the appellant.   That under special act of the legislature, chapter 531, Laws of 1869, and the act amendatory thereof, under which defendant claims to be authorized to appropriate Gravesend avenue for its railway, an easement only was taken for the public use; the fee remains in plaintiff, subject to the right of the people to use the land as a street or highway.   Therefore, defendant could not take possession of this street or highway without making compensation to the plaintiff.   (*The Washington Cemetery* v. *The Prospect Park and Coney Island R. R. Co.* [7 Hun, 655]; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y., 97; *Mason* v. *N. Y. C. R. R. Co.*, 24 id., 658; *Carpenter* v. *Oswego R. R.*, id., 655; *Wager* v. *Troy Union R. R.*, 25 id., 526; *Broistedt* v. *Southside R. R.*, 55 id., 220.)   The laying out of a highway gives the public a mere right of passage with the powers and privileges incident to such right, and the owner of the soil over which the road passes is not thereby divested of his title to the land.   (*The Trustees of the Presbyterian Society in Waterloo* v. *The Aub. and Roch. R. R.* [opin. by NELSON, Ch. J.], 3 Hill, 567; *Kelsey* v. *King*, 33 How., 39; *Craig* v. *Roch. and B. R. R.*, 39 N. Y., 404.)   The legislature must expressly provide for the taking of the fee, or the road must pay damages consequent on the additional burden to property owners.   (Laws of 1813, 2 Rev. Stat., 409; *People* v. *Kerr*, 27 N. Y., 188.)   The following decisions are against the right claimed by defendant: *Miller* v. *The Auburn and Syracuse Railroad Company* (6 Hill, 61); *Mumford* v. *Whitney* (15 Wend., 380); *Bridges* v. *Purcell* (1 Dev. & Batt., 492; see, also, 1 Chit. Gen. Pr., 336–340).   In *Hewlins* v. *Shippan* (5 Barn. & Cress., 221) it was held that an easement could not be granted by *parol license*.   (*Eggleston* v. *N. Y. and Harlem R. R.*, 35 Barb., 162; *Mumford* v. *Whitney, supra;* Browne on Statute of Frauds, 29, 30; *Cook* v. *Stearns*, 11 Mass., 533.)   A mere license is personal to the licensee, and is not assignable.   (*Mendenhall* v. *Klinck*, 51 N. Y., 246; Gerard on Titles to Real Estate [2d ed.], 662, and authorities there cited; Hillard on Real Prop., 16; *Babcock* v. *Utter*, 1 Keyes, 397, and 32 How., 439; 1 Wash. Real Prop., 414; 4 Sandf. Ch., 72.)

*John H. Bergen*, for the respondent.   The license by the plaintiff to the defendant to construct the road is proved and is admitted

by the plaintiff. This constitutes a perfect defense. (*Marble* v. *Whitney*, 28 N. Y., 297; *People* v. *Goodwin*, 1 Seld., 568; *Selden* v. *Del. and Hud. Canal Co.*, 29 N. Y., 634; *Muller* v. *Auburn, etc., R. R.*, 6 Hill, 61; *Eggleston* v. *N. Y. and H. R. R.*, 35 Barb., 172 [opin. per Emott, J.].) The right granted by the license to the defendant was more than an easement; it was a qualified interest in the land, or a right of *profit a prendrc.* (*Senhouse* v. *Christian*, 1 Term. R., 560; *White* v. *Crawford*, 10 Mass., 188; *Goodrich* v. *Burbank*, 12 Allen [Mass.], 459; *Bowen* v. *Connor*, 6 Cush., 137; *Bailey* v. *Stephens*, 12 Com. Bench [N. S.], 110; *Muskit* v. *Hill*, 35 Eng. Com. L., 371, 694; *Borst* v. *Empie*, 1 Seld., 33, and cases cited.) It is clear from all the cases that until the license is revoked no action will lie. (*Selden* v. *H. and D. Canal Co.*, 29 N. Y., 639.) The statute of frauds does not apply to such a license. (*People* v. *Goodwin*, 1 Seld., 568.) The road having been constructed under the license of plaintiff, he is estopped from denying the legality of the act. (*Marble* v. *Whitney*, 28 N. Y., 307.) Under the act of 1873 the land was taken concurrently for the two *uses of a highway and railroad*, and the award made for all the purposes of the act, which plaintiff has accepted. (*In the Matter of the Prospect Park and C. I. R. R. Co.*, Ct. of App. [opin. of Folger, J.].)

Pratt, J.:

It is found by the court at Special Term that the acts of defendant, now complained of, were done in accordance with the expressed wish of the plaintiff, and that finding was warranted by the testimony. Upon that state of facts no trespass was committed.

Having induced the defendants to expend large sums of money in building the road, it would be contrary to all principles of equity to enjoin its operation.

The judgment must be affirmed with costs.

Present — Barnard, P. J., Pratt and Dykman, JJ.

Judgment affirmed, with costs.